

COPY

CALDWELL LESLIE & PROCTOR, PC
JOAN MACK, State Bar No. 180451
  *mack@caldwell-leslie.com*
JEANNE A. FUGATE, State Bar No. 236341
  *fugate@caldwell-leslie.com*
MATTHEW O'BRIEN, State Bar No. 261568
  *obrien@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for PARAMOUNT PICTURES
CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SEVEN ARTS FILMED ENTERTAINMENT LIMITED, an English corporation; CONTENT MEDIA CORPORATION PLC, an English corporation,<br><br>        Defendants. | Case No.: CV11- 0774 8PSG (SSx)<br><br>**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF** |

CALDWELL
LESLIE &
PROCTOR

Plaintiff Paramount Pictures Corporation ("Paramount") alleges as follows:

## INTRODUCTION

1.  On May 27, 2011, Seven Arts Filmed Entertainment Limited ("Seven Arts") filed a lawsuit, captioned *Seven Arts Filmed Entertainment Limited v. Content Media Corporation PLC, et al.*, Case No. CV-11-04603 ABC (FMOx) (the "Seven Arts Lawsuit"), in the Central District of California against Paramount and Content Media Corporation PLC ("Content").  In its lawsuit, Seven Arts claims that Paramount has been improperly paying distribution revenues from certain motion pictures to Content and that Paramount should commence payment of those revenues to Seven Arts.  Instead, Paramount ceased payments to Content until the dispute between Seven Arts and Content is adjudicated by this Court.

## THE PARTIES

2.  Paramount is a Delaware corporation, with its principal place of business in the County of Los Angeles, California, where it is qualified to do business.

3.  Paramount is informed and believes, and upon such information and belief alleges, that Seven Arts is a corporation incorporated under the laws of England and Wales, with its principal place of business in London, England.  Seven Arts claims that it is the successor-in-interest to CineVisions, an inactive California corporation, Seven Arts Pictures Inc., a Nevada corporation, and Stander Productions Limited, an Ontario, Canada corporation, and on the basis of these relationships claims ownership rights in the subject pictures.

4.  Paramount is informed and believes, and upon such information and belief alleges, that Content is a corporation incorporated under the laws of England and Wales, with its principal place of business in London, England.  Content claims ownership rights in the subject pictures pursuant to assignments of rights from Fireworks Pictures Releasing (U.S.) Inc., a California corporation, CanWest

CALDWELL
LESLIE &
PROCTOR

-1-

Entertainment Inc., an Ontario, Canada corporation, and CanWest Entertainment International Distribution, an Irish joint venture.

## JURISDICTION

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), as an action arising under the Copyright Act of 1976.  This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000, and both Seven Arts and Content are citizens of England and Wales.  The Court has personal jurisdiction over Seven Arts and Content because each has extensive and persistent contacts with California.

## VENUE

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Central District of California.

## SEVEN ARTS' AND CONTENT'S COMPETING CLAIMS

7.     For the past decade, Paramount has been the distributor of three motion pictures: *Rules of Engagement*, *An American Rhapsody*, and *Who is Cletis Tout?* (collectively, the "Pictures").  Pursuant to agreements between Paramount and CanWest Entertainment International Distribution and CanWest Entertainment Inc. (collectively "CanWest"), the copyrights for *An American Rhapsody* and *Who Is Cletis Tout?* are registered to Paramount Classics, a division of Paramount. Pursuant to agreements with, inter alia, MFP Munich Film Partners GmbH & Co ROE Productions KG, the copyright for *Rules of Engagement* is registered to MFP Munich Film Partners GmbH & Co ROE Productions KG.

8.     Pursuant to various licensing agreements and assignments, Paramount paid certain of the distribution revenues from the Pictures (the "Distribution Revenues") to CanWest or its affiliates, from about the time of the release of the Pictures to in or about 2005.  Since CanWest assigned its interests in the Pictures to Content in or about 2005, Paramount has paid the Distribution Revenues to Content.

9. On May 27, 2011, Seven Arts filed the Seven Arts Lawsuit in the Central District of California against Content and Paramount. In its complaint, Seven Arts alleges that it is the true owner of the copyrights to *An American Rhapsody* and *Who Is Cletis Tout?* and the international distribution rights to *Rules of Engagement*. Seven Arts further alleges that the Distribution Revenues that Paramount had been paying to Content—and which Paramount otherwise would have continued to pay to Content on a going-forward basis—should instead be paid to Seven Arts.

10. Content denies that Seven Arts owns the disputed copyrights or distribution rights to the Pictures and denies that Paramount is obligated to pay the Distribution Revenues to Seven Arts. Accordingly, on July 29, 2011, Content filed a motion to dismiss the Seven Arts Lawsuit.

11. In light of the Seven Arts Lawsuit, Paramount informed both Content and Seven Arts that it would cease its payments of the Distribution Revenues to Content until the Seven Arts Lawsuit resolved the ownership dispute between Content and Seven Arts. Paramount further stated that it would temporarily hold the Distribution Revenues it was withholding (the "Disputed Funds") or deposit them with the Court. Paramount also informed Content and Seven Arts that it would pay the Disputed Funds to the rightful owner of the disputed rights in the Pictures as soon as the Court declared which party was the rightful owner.

12. Seven Arts, however, voluntarily dismissed Content from the lawsuit on August 24, 2011, before Content's motion to dismiss was fully briefed and before the Court had an opportunity to rule on that motion.

13. Content asserts that in light of its dismissal from the Seven Arts Lawsuit, Paramount should pay the Disputed Funds to Content and resume payment of the Distribution Revenues to Content.

14. Seven Arts, on the other hand, continues to pursue its claims for copyright infringement against Paramount in the Seven Arts Lawsuit based on

CALDWELL
LESLIE &
PROCTOR

-3-

Paramount's purportedly improper payments to Content. Seven Arts continues to assert that Paramount owes it the Disputed Funds and the Distribution Revenues.

15.    Neither Seven Arts nor Content has ever asked Paramount to stop distributing the Pictures. Rather, both parties claim that Paramount should have paid, and should pay going forward, the Distribution Revenues to them. Further, Content denies that it is obligated to share with Seven Arts any of Paramount's previous payments.

16.    Paramount is filing this Complaint in interpleader because it faces potential liability to both Seven Arts and Content unless and until the Court declares whether Seven Arts or Content is the owner of the disputed rights to the Pictures and which party is entitled to the Disputed Funds and the Distribution Revenues on a going-forward basis. Paramount is withholding the Disputed Funds until the ownership of the disputed rights is resolved.

17.    Paramount seeks relief from the Court in the form of a ruling as to whether Paramount should pay the Disputed Funds, and the Distribution Revenues on a going-forward basis, to Content or Seven Arts.

18.    Paramount has incurred costs and reasonable attorneys' fees relating to this action and its defense of the Seven Arts Lawsuit. Paramount will continue to incur fees and costs until the matter is adjudicated with finality as to Paramount's obligations regarding the Pictures.

## REQUEST FOR DECLARATORY RELIEF

19.    Seven Arts claims that it is the owner of the copyrights to *An American Rhapsody* and *Who Is Cletis Tout?* and the international distribution rights to *Rules of Engagement* by virtue of a judgment (the "Canadian Judgment") obtained in a case captioned *CineVisions v. Fireworks Entertainment Inc. et al.*, No. 03-CV-247553CM2 (Ontario Superior Court of Justice), on or about February 10, 2011. Seven Arts asserts that, under principles of comity and *res judicata*, the Canadian Judgment is enforceable against Paramount and Content in this Court. Accordingly,

Seven Arts asserts that it is the legal owner of the disputed rights to the Pictures in the United States.

20.     Paramount disputes that the Canadian Judgment is enforceable against Paramount in this Court.  The Canadian Judgment was obtained in an unopposed proceeding to which Paramount was not a party and of which Paramount had no notice.  Further, Paramount is informed and believes, and upon that basis alleges, that the Ontario court based its decision on an incomplete and biased evidentiary record.

21.     Paramount is informed and believes, and upon such information and belief alleges, that Content also disputes the enforceability of the Canadian Judgment in this Court based in part on its defense of *res judicata*.

22.     Seven Arts asserts that the Canadian Judgment is a new fact defeating the *res judicata* defense asserted by Content even though this Court previously indicated in an order denying Seven Arts' preliminary injunction application that: "While it is true that the Canadian judgment did not exist at the time the 05-2905 case was dismissed, that was [Seven Arts'] fault. . . .  Had [Seven Arts] complied with the Court's orders and pursued the Canadian case, it could have obtained the judgment while the 05-2905 case was stayed and the estoppel effect of that judgment could have been litigated then."  Seven Arts Lawsuit, Order Re: Plaintiff's Application For Preliminary Injunction at 10 (Docket Number 38).

23.     An actual controversy has arisen and exists between Paramount, Content, and Seven Arts as to the enforceability of the Canadian Judgment in this Court, for which Paramount desires a declaration of rights.

## PRAYER FOR RELIEF

WHEREFORE, Paramount respectfully demands that the Court adjudge:

24.     Whether Content or Seven Arts is the owner of the disputed rights to the Pictures, and thus which is the party to which Paramount should pay the

CALDWELL
LESLIE &
PROCTOR

-5-

Disputed Funds that it is holding and which is the proper party to receive future Distribution Revenues;

25.   That the Canadian Judgment is not enforceable in this Court against Paramount;

26.   That Seven Arts and Content be restrained from instituting any action against Paramount for the recovery of the Disputed Funds or the Distribution Revenues from the Pictures;

27.   That Paramount is entitled to costs and attorneys' fees; and

28.   That Paramount is entitled to such other and further relief as this Court deems just and proper.

DATED: September 19, 2011         Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
JOAN MACK
JEANNE A. FUGATE
MATTHEW O'BRIEN


By _____
       JOAN MACK
Attorneys for PARAMOUNT PICTURES
CORPORATION

CALDWELL
LESLIE &
PROCTOR

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 7748 PSG (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
   Joan Mack, SBN 180451
   Jeanne A.Fugate, SBN, 236341
   CALDWELL LESLIE & PROCTOR, PC
   1000 Wilshire Blvd., Suite 600
   Los Anngeles, CA 90017-2463
   (213) 629-9040 Tel   (213) 629-9022 Fax

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation<br><br>PLAINTIFF(S)<br>v.<br>SEVEN ARTS FILMED ENTERTAINMENT LIMITED, an English corporation; CONTENT MEDIA CORPORATION PLC, an English corporation<br><br>DEFENDANT(S). | **CV11-07748** PS4 (SSx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _SEVEN ARTS FILMED ENTERTAINMENT LIMITED and CONTENT MEDIA_
         _CORPORATION PLC_

   A lawsuit has been filed against you.

   Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Joan Mack_____, whose address is _Caldwell Leslie & Proctor, PC, 1000 Wilshire Blvd., Suite 600 Los Angeles, CA 90017-2463____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**SEP 1 9 2011**

Dated: _____

Clerk, U.S. District Court

By: _____**JULIE PRADO**_____
         Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>PARAMOUNT PICTURES COPORATION, a Delaware corporation | **DEFENDANTS**<br>SEVEN ARTS FILMED ENTERTAINMENT LIMITED, an English corporation;<br>CONTENT MEDIA CORPORATION PLC, an English corporation |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Joan Mack, SBN 180451; Jeanne A. Fugate, SBN 236341<br>CALDWELL LESLIE & PROCTOR, PC<br>1000 Wilshire Blvd., Suite 600, LA, CA 90017  (213) 629-9040 | Attorneys (If Known)<br>Peter M. Hoffman<br>1801 Century Park East, #1830<br>LA, CA 90067<br>(For Seven Arts Filmed Ent.)     Jeffrey Stephen Kravitz<br>FOX ROTHSCHILD LLP<br>1800 Century Park East, Suite 300<br>LA, CA 90067<br>(For Content Media Corp.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** N/A

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Interpleader (F.R.C.P. 22) & Declaratory Relief (28 U.S.C. §§ 2201-2202)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11-07748

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                      CIVIL COVER SHEET                      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☒ Yes
If yes, list case number(s):  Seven Arts Filmed Entertainment Ltd. v. Content Media Corporation PLC et al. CV-11-04603-ABC-(FMOx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☒ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Seven Arts: England and Wales<br>Content: England and Wales |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date ____9-19-2011____

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)                                      CIVIL COVER SHEET                                      Page 2 of 2